IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

RALPH E. KOLSTAD §
§
Plaintiff, §
§
VS. § NO. 3-07-CV-0089-L
§
INTERNAL REVENUE SERVICE, §
ET AL. §
§
Defendants. §

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Defendants have filed a motion for summary judgment in this *pro se* mandamus action brought against the Internal Revenue Service ("IRS") and three of its employees. For the reasons stated herein, the motion should be granted.

I.

Plaintiff Ralph E. Kolstad is an airline pilot who self-reported wage income ranging from $184,208 to $206,891 for the 1999, 2000, 2001, and 2002 tax years. (*See* Def. MSJ App., Exhs. 3-6). However, plaintiff claimed that his income either was not taxable or was offset by fiduciary fees incurred in his capacity as trustee of the "Ralph E. Kolstad Trust." (*See id.*, Exhs. 2, 7, 9). Plaintiff did not file tax returns for the 2003 and 2004 tax years. Upon examination, the IRS determined that plaintiff earned $164,958 in 2003 and $155,727 in 2004. (*See id.*, Exh. 15). The IRS prepared substituted returns and assessed plaintiff with appropriate taxes and penalties for those years. (*Id.*).

In April 2005 and June 2006, plaintiff sought refunds for the 1999, 2001, 2003, and 2004 tax years. Although the actual refund claims are not included in the record, other evidence shows that

plaintiff argued, at various times, that none of his wages were taxable because he was not a United States citizen and his income was not derived from a source within the United States. (*See id.*, Exh. 2). Plaintiff also reurged his entitlement to deduct fiduciary fees for a trust in his own name. The IRS denied both refund claims as frivolous. (*Id.*, Exh. 1). Plaintiff then filed this mandamus action in federal district court to compel the IRS and three of its revenue agents to process his 1999, 2001, 2003, and 2004 tax returns and to refund overpayments shown on the returns.

As best the court can decipher, plaintiff appears to allege that he is a "sovereign" exempt from taxation and that he is entitled to deduct fiduciary fees related to the "Ralph E. Kolstad Trust." Defendants now move for summary judgment on the ground that plaintiff's arguments have no basis in fact or law. The motion has been fully briefed by the parties is ripe for determination.

II.

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The substantive law determines which facts are material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986). Where, as here, the summary judgment movant does not have the burden of proof at trial, the movant must point to the absence of a genuine fact issue. *See Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). The burden then shifts to the non-movant to show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 113 S.Ct. 82 (1992). All evidence must be viewed in the light most favorable to the party opposing the motion. *See Rosado v. Deters*, 5 F.3d 119, 122 (5th Cir. 1993).

A.

To the extent plaintiff seeks a writ of mandamus compelling the IRS to process his tax returns, that claim is moot. The record shows that the IRS has processed plaintiff's returns and disallowed $16,479 in offsets for the 1999 tax year, $4,087 in offsets for the 2001 tax year, $42,566 in offsets for the 2003 tax year, and $38,092.30 in offsets for the 2004 tax year. (*See* Def. MSJ App., Exh. 1). If plaintiff seeks a writ of mandamus to require the IRS to assess taxes, penalties, and interest for those years, the court lacks jurisdiction to grant such relief. The IRS has no "nondiscretionary duty" to assess taxes on demand. *See Stang v. Internal Revenue Service*, 788 F.2d 564, 565 (9th Cir. 1986), *citing* 26 U.S.C. § 6201(c)(3) (noting that IRS may assess the tax liability of individuals "at any time").

B.

The gravamen of plaintiff's claim for a refund in summarized in a letter to the IRS dated December 11, 2006. According to plaintiff:

> You were put on notice by earlier correspondence and this letter too that I have no liability for the Special Law Subtitle 'A' Federal income tax as my income is not derived by being engaged in the conduct of a trade or business within the United States. Yet those in the IRS seem [sic] to think that the IRC and the Code of Federal Regulations are somehow "frivolous and without merit."
>
> My true status as a natural born American is that of an American National and referred to in the IRC as a "Non resident alien" (26 USC 7701(b)(1)(B)) to the United States (the federal government and its exclusive jurisdiction established by Article 1 Section 8 Clause 17 in the Constitution of the United States (not to be confused with the Constitution for the United States).
>
> As an American National (Non resident alien) my place of inhabitance [sic] is "outside" the "United States" (the District of Columbia per IRS 7408(c) & 7701(a)(9) and (a)(10) which clearly indicated that I have no liability for the Subtitle "A" federal income tax (per 26 CFR 1.871-1(a)). I do not derive any income from being

> engaged in the conduct of a "trade or business" (which is a public office) in the "United States" (the District of Columbia) and have not made an election to have my income treated as that of a U.S. resident.
>
> **I do not desire nor do I have any intent to claim** the District of Columbia to be considered by anyone as my legal domicile.

(Plf. Compl., Attch.) (emphasis in original). These "shopworn arguments characteristic of tax-protestor rhetoric" have been universally rejected by courts throughout the United States. *See Stearman v. Commissioner*, 436 F.3d 533, 537 (5th Cir.), *cert. denied*, 126 S.Ct. 2900 (2006). The court will not painstakingly address plaintiff's assertions "with somber reasoning and copious citation of precedent," as to do so "might suggest that these arguments have some colorable merit." *Crain v. Commissioner*, 737 F.2d 1417, 1417 (5th Cir. 1984). Suffice it to say that plaintiff, who admits to be being a "natural born American," does not qualify as a non-resident alien for tax purposes because he was born outside the District of Columbia. As the Fifth Circuit recognized in *United States v. Montgomery*, 778 F.2d 222, 224 (5th Cir. 1985), this type of argument is "as irresponsible and frivolous an argument as this Court can envisage." The Seventh Circuit, in *United States v. Cooper*, 170 F.3d 691, 691 (7th Cir. 1999), went even further, characterizing such an argument as "frivolous squared."

Nor can plaintiff avoid paying his fair share of taxes by designating himself as a trust. *See* Rev. Rul. 2006-19 (explaining why taxpayers cannot avoid taxation by assigning their personal income to a trust); *Whitesel v. Commissioner*, T.C. Memo. 1983-9, 1983 WL 14003 (U.S. Tax Ct. Jan. 5, 1983), *aff'd*, 745 F.2d 59 (6th Cir. 1984) (finding that trust was a "sham" because "the taxpayer/grantors had total control over the assets and operations of the trust, no one other than themselves had any economic interest in the trust, and no valid reason was shown to exist for the trust other than the desire to avoid individual income taxes"). The summary judgment evidence

shows that plaintiff merely reported his wage income as trust income for the purpose of deducting fiduciary fees. (*Compare* Def. MSJ App., Exhs. 3 & 5 *with id.*, Exhs. 7 & 9). Under these circumstances, plaintiff is not entitled to a refund.

## RECOMMENDATION

Defendants' motion for summary judgment [Doc. #8] should be granted. This case should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 5, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE